UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Selene Finance, LP** | **CIVIL ACTION NO:** |
| Plaintiff | **COMPLAINT** |
| vs. | RE:<br>41 Pleasant View Street, Bangor, ME 04401 |
| **Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe** | Mortgage:<br>July 11, 2008<br>Book 11460, Page 315 |
| Defendants | |

NOW COMES the Plaintiff, Selene Finance, LP, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned by Selene Finance, LP, in which the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are the obligor and the total amount owed under the terms of the Note is Two Hundred Forty-

    Three Thousand Nine Hundred Eleven and 39/100 ($243,911.39) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Selene Finance, LP is a corporation organized under the laws of the State of Texas, with its principal place of business located at 9990 Richmond Avenue, Suite 400 South, Houston, TX 77042.

5. The Defendant, Gregory Howe, is a resident of Bangor, County of Penobscot and State of Maine.

6. The Defendant, Theresa M. Howe a/k/a Teresa M. Howe, is a resident of Bangor, County of Penobscot and State of Maine.

## FACTS

7. On July 7, 2008, by virtue of a Warranty Deed from Floyd E. Hoyt and Betty C. Hoyt, which is recorded in the Penobscot County Registry of Deeds in **Book 11460, Page 313**, the property situated at 41 Pleasant View Street, County of Penobscot, and State of Maine, was conveyed to the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, being more particularly described by the attached legal description.  *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On July 11, 2008, the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, executed and delivered to Chittenden Trust Co. dba Chittenden Mortgage Svcs a

certain Note in the amount of $190,950.00.  *See* Exhibit B (a true and correct copy of the Lost Note Affidavit is attached hereto and incorporated herein).

9. To secure said Note, on July 11, 2008, the Defendants executed a Mortgage Deed in favor of Chittenden Trust Co. dba Chittenden Mortgage Svcs., securing the property located at 41 Pleasant View Street, Bangor, ME 04401 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 11460**, **Page 315**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Everbank by virtue of an Assignment of Mortgage dated February 1, 2009 and recorded in the Penobscot County Registry of Deeds in **Book 11846**, **Page 160**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Nationstar Mortgage, LLC by virtue of an Assignment of Mortgage dated September 23, 2015 and recorded in the Penobscot County Registry of Deeds in **Book 13989**, **Page 33**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to Selene Finance, LP by virtue of an Assignment of Mortgage dated January 30, 2018 and recorded in the Penobscot County Registry of Deeds in **Book 14735**, **Page 18**.  *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. On August 3, 2018, the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, were sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter").  *See* Exhibit G (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

14. The Demand Letter informed the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

15. The Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, Selene Finance, LP, cannot locate the original Note; however, the Plaintiff is the owner of the Note referenced herein pursuant to delivery by the previous holder and is entitled to enforce the terms and conditions of the aforesaid Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, Selene Finance, LP, is the lawful holder and owner of the Note and Mortgage.

18. The total debt owed under the Note and Mortgage as of March 28, 2019, is Two Hundred Forty-Three Thousand Nine Hundred Eleven and 39/100 ($243,911.39) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $197,390.49 |
| Interest | $30,174.06 |
| Escrow Advance | $12,037.30 |
| Late Fees | $586.18 |
| Corporate Advance Balance | $3,690.44 |
| Pending MI | $32.92 |
| Grand Total | $243,911.39 |

19. Upon information and belief, the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related Mortgage and title located at 41 Pleasant View Street, Bangor, County of Penobscot, and State of Maine.  *See* Exhibit A.

22. The Plaintiff, Selene Finance, LP, cannot locate the original Note; however, the Plaintiff is the owner of the Note referenced in Paragraph 8 pursuant to delivery by the previous holder and is entitled to enforce the terms and conditions of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).  As such, Plaintiff, Selene Finance, LP, has the right to foreclosure upon the subject property.

23. The Plaintiff, Selene Finance, LP, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are presently in default on said Mortgage and Note, having failed to make the monthly payment due January 1, 2014, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of March 28, 2019, is Two Hundred Forty-Three Thousand Nine Hundred Eleven and 39/100 ($243,911.39) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $197,390.49 |
| Interest | $30,174.06 |
| Escrow Advance | $12,037.30 |
| Late Fees | $586.18 |

| | |
|---|---:|
| Corporate Advance Balance | $3,690.44 |
| Pending MI | $32.92 |
| Grand Total | $243,911.39 |

26. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, on August 3, 2018, evidenced by the Certificate of Mailing.  *See* Exhibit G.

29. The Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are not in the Military as evidenced by the attached Exhibit H.

## COUNT II – BREACH OF NOTE

30. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. On July 11, 2008, the Defendants, Gregory Howe and Teresa M. Howe, executed and delivered to Chittenden Trust Co. dba Chittenden Mortgage Svcs a certain Note in the amount of $190,950.00.  *See* Exhibit B.

32. The Defendants, Gregory Howe and Teresa M. Howe, are in default for failure to properly tender the January 1, 2014 payment and all subsequent payments.  *See* Exhibit G.

33. The Plaintiff, Selene Finance, LP, is the proper owner of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe.

34. The Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

35. The Defendants Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe's breach is knowing, willful, and continuing.

36. The Defendants Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe's breach has caused Plaintiff Selene Finance, LP to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of March 28, 2019, if no payments are made, is Two Hundred Forty-Three Thousand Nine Hundred Eleven and 39/100 ($243,911.39) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $197,390.49 |
| Interest | $30,174.06 |
| Escrow Advance | $12,037.30 |
| Late Fees | $586.18 |
| Corporate Advance Balance | $3,690.44 |
| Pending MI | $32.92 |
| Grand Total | $243,911.39 |

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, entered into a written contract with Chittenden Trust Co. dba Chittenden Mortgage Svcs who agreed to loan the amount of $190,950.00 to the Defendants. *See* Exhibit B.

41. As part of this contract and transaction, the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

42. The Plaintiff, Selene Finance, LP, is the proper owner of the Note and successor-in-interest to Chittenden Trust Co. dba Chittenden Mortgage Svcs, and has performed its obligations under the Note and Mortgage.

43. The Defendants, Gregory Howe and Teresa M. Howe, breached the terms of the Note and Mortgage by failing to properly tender the January 1, 2014, payment and all subsequent payments. *See* Exhibit G.

44. The Plaintiff, Selene Finance, LP, is the proper owner of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe.

45. The Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, having failed to comply with the terms of the Note and Mortgage, are in breach of contract.

46. The Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are indebted to Selene Finance, LP in the sum of Two Hundred Forty-Three Thousand Nine Hundred Eleven and 39/100 ($243,911.39) Dollars, for money lent by the Plaintiff, Selene Finance, LP, to the Defendants.

47. Defendants Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe's breach is knowing, willful, and continuing.

48. Defendants Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe's breach has caused Plaintiff, Selene Finance, LP, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of March 28, 2019, if no payments are made, is Two Hundred Forty-Three Thousand Nine Hundred Eleven and 39/100 ($243,911.39) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $197,390.49 |
| Interest | $30,174.06 |
| Escrow Advance | $12,037.30 |
| Late Fees | $586.18 |
| Corporate Advance Balance | $3,690.44 |
| Pending MI | $32.92 |
| Grand Total | $243,911.39 |

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Chittenden Trust Co. dba Chittenden Mortgage Svcs, predecessor-in-interest to Selene Finance, LP, loaned Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, $190,950.00.  *See* Exhibit B.

53. The Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are in default for failure to properly tender the January 1, 2014, payment and all subsequent payments.  *See* Exhibit G.

54. As a result of the Defendants' failure to perform under the terms of their obligation, the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, should be required to compensate the Plaintiff, Selene Finance, LP.

55. As such, the Plaintiff, Selene Finance, LP, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

56. The Plaintiff, Selene Finance, LP, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Chittenden Trust Co. dba Chittenden Mortgage Svcs, predecessor-in-interest to Selene Finance, LP, loaned the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, $190,950.00.  *See* Exhibit B.

58. The Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, have failed to repay the loan obligation.

59. As a result, the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, have been unjustly enriched to the detriment of the Plaintiff, Selene Finance, LP as successor-in-interest to Chittenden Trust Co. dba Chittenden Mortgage Svcs by having received the aforesaid benefits and money and not repaying said benefits and money.

60. As such, the Plaintiff, Selene Finance, LP, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Selene Finance, LP, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Selene Finance, LP, upon the expiration of the period of redemption;

c) Find that the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are in breach of the Note by failing to make payment due as of January 1, 2014, and all subsequent payments;

d) Find that the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are in breach of the Mortgage by failing to make payment due as of January 1, 2014, and all subsequent payments;

e) Find that the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due January 1, 2014, and all subsequent payments;

g) Find that the Plaintiff, Selene Finance, LP, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe have been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Selene Finance, LP, to restitution;

j) Find that the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are liable to the Plaintiff, Selene Finance, LP, for money had and received;

k) Find that the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, are liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, have appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Selene Finance, LP, is entitled to restitution for this benefit from the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendants, Gregory Howe and Theresa M. Howe a/k/a Teresa M. Howe, and in favor of the Plaintiff, Selene Finance, LP, in the amount of Two Hundred Forty-Three Thousand Nine Hundred Eleven and 39/100 ($243,911.39) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Selene Finance, LP,
By its attorneys,

Dated: May 7, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670